DALEY *v.* STATE.

506                    364 S. W. 2d 678

Opinion delivered February 11, 1963.

*Shaver, Tackett & Jones,* for appellant.

*Jack Holt, Jr.,* Attorney General, for appellee.

SAM ROBINSON, Associate Justice. Appellants, C. R. Daley, Johnny Loveday, and R. Loveday, have appealed from a conviction of the crime of false pretense. They were charged with defrauding Jessie A. Mason, an elderly man 82 years of age, out of about $650.00 by representing that they were qualified termite exterminators. The case was tried before the Court sitting as a jury. The Court found all three defendants guilty and they have appealed, contending that the evidence is not sufficient to sustain the verdicts.

It is firmly established that, when sitting as a jury, the Court's finding carries the same weight as a jury verdict, and if there is substantial evidence of guilt it is sufficient to sustain the trial court.

The evidence is overwhelming to the effect that the appellants defrauded Mr. Mason out of about $650.00 in connection with work they did on his house and premises

in exterminating termites and other pests. The great weight of the evidence proves that they collected over $900.00 for doing about $230.00 worth of work.

The only question is whether appellants' acts amounted to false pretense within the meaning of Ark. Stats. 41-1901, which provides: "Every person, firm or corporation who with intent to defraud, cheat or avoid payment therefor, shall designedly by color of any false token or writing, or by any other written or oral false pretense, obtain a signature to any written instrument, or obtain any money, personal property, right of action, service, information or other valuable thing or effects whatever, upon conviction thereof, shall be deemed guilty of larceny, and punished accordingly."

The information charges that the defendants obtained the money from Mr. Mason by falsely representing to him that they were qualified termite exterminators. The evidence is sufficient to show that all three appellants made such representation, and we think the evidence shows that in representing to Mr. Mason that they were qualified, they used that term in the sense that they were licensed. One of the definitions of the word "qualified" as given by Webster is: "Having complied with the specific requirements or precedent conditions for an . . . employment". The appellants had no license.

Ark. Stats. 77-131 provides: "Any person, firm or corporation who shall, for compensation, give advice, or engage in work for the control of insect pests, or plant diseases, including structural insect pests, and/or rodents, or shall engage in the business of treating seed for the control of such pests or diseases, or who shall solicit such work in any manner, shall be deemed guilty of a misdemeanor unless said person, firm or corporation is in possession of a valid license issued for that purpose by the State Plant Board, . . . ".

Ark. Stats. 77-132 provides: "When application is made for such license, the State Plant Board shall prescribe in advance an examination in writing which

shall be given by some person designated by the State Plant Board who is not interested financially or otherwise in pest control work in Arkansas, and such representative shall examine the applicant by a written examination as above prescribed and graded by said examiner and said examination passed shall be certified to the State Plant Board for approval. . . . " .

Ark. Stats. 77-133.1 provides for an inspection by the State Plant Board.

Ark. Stats. 77-136.1 authorizes the Board to require monthly reports from licensed operators giving the description and location of properties treated, and such other information relative thereto as the Plant Board shall deem advisable.

If appellants had been licensed exterminators they could have been required to make reports and the State Plant Board could have investigated their work. In these circumstances it would have been more difficult for them to perpetrate a fraud.

There is substantial evidence to sustain a finding that appellants falsely represented themselves as qualified termite exterminators for the purpose of fraudulently obtaining a considerable amount of money.

Affirmed.